UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY F.,

                                 **Plaintiff,**

    vs.                                                                5:20-cv-1555
                                                                                  (MAD)

COMMISSIONER OF SOCIAL SECURITY,

                                 **Defendant.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street
Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **LISA SMOLLER, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      Plaintiff, Jeffrey F., commenced this action on December 15, 2020, seeking review of a decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* Dkt. No. 1. On December 19, 2018, Plaintiff filed an application for DIB and SSI, alleging an onset date of February 1, 2017. *See* Administrative Transcript ("Tr.") at 182-83, 189-94. Plaintiff's application was denied, and he filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *See id.* at 42-43. A hearing was held before ALJ Eldred on February 20, 2020. *See id.*

1

at 26-41. On March 19, 2020, the ALJ issued a decision denying Plaintiff's application. *See id.* at 7-17. Plaintiff subsequently requested review by the Appeals Council and was denied such review. *See id.* at 1-6. Presently before the Court are the parties' cross motions for judgment on the pleadings. *See* Dkt. Nos. 12, 13.

## II. BACKGROUND

At the time of his application, Plaintiff was 38 years old. Tr. at 30. Plaintiff lives with his sister and his two children, ages seventeen and six. *Id.* Plaintiff has a GED and had previously worked as a welder and parts labeler. *Id.* at 32-33.

Plaintiff has pulmonary embolism and antiphospholipid disorder. *Id.* at 243. In 2018, Plaintiff fractured his left fibula and cut his left finger on glass, which required treatment for tendon and nerve lacerations. *Id.* at 421-22, 442-43. In 2013, Plaintiff was diagnosed with chronic pain syndrome due to chest pains. *Id.* at 281. Additionally, in 2014, Plaintiff reported symptoms of anxiety. *Id.* at 340.

## III. DISCUSSION

**A.     Standard of Review**

A person is disabled when he is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). There is a five-step analysis for evaluating disability claims:

> In essence, if the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002)) (other citation omitted). "The claimant bears the burden of proof on the first four steps, while the Social Security Administration bears the burden on the last step." *Id.* (citation omitted).

In reviewing a final decision by the Commissioner under Title 42, United States Code Section 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

**B.      The ALJ's Decision**

At the first step of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2017, the alleged onset date. *See* Tr. at 12. At step two, the ALJ concluded that Plaintiff has the following medically determinable impairments: history of pulmonary embolism, history of antiphospholipid disorder, spiral fracture of the left distal fibula, tendon and nerve lacerations of the left ring finger, and anxiety disorder. *Id.* The ALJ, however, concluded Plaintiff does not have a "severe" impairment or combination of impairments. *Id.* at 13. Accordingly, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act. *Id.* at 16.

C.  **Analysis**

Plaintiff argues that substantial evidence does not support the ALJ's determination that Plaintiff did not have a severe impairment. At step two of the sequential analysis, as discussed above, the medical severity of a plaintiff's impairment is evaluated. A Plaintiff must have a "severe medically determinable" impairment. 20 C.F.R. §§ 404.1520, 416.920. The "severity regulation" states as follows:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520(c), 416.920(c); *see Bowen v. Yuckert*, 482 U.S. 137, 140-141 (1987). "[B]asic work activities" are "the abilities and aptitudes necessary to do most jobs" and include

> [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co-workers and usual work situations ... [d]ealing with changes in a routine work setting.

4

20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141.  The purpose of the severity regulation was to create a "threshold determination of the claimant's ability to perform basic, generically defined work functions, without at this stage engaging in the rather more burdensome medical-vocational analysis required by [42 U.S.C.] § 423(d)(2)(A)."  *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995).  In *Bowen v. Yuckert*, the Supreme Court upheld this regulation to screen out *de minimis* claims – those claims where there are "slight abnormalities that do not significantly limit any 'basic work activity.'"  *Bowen*, 482 U.S. at 158 (O'Connor, J. concurring).

      Plaintiff alleged disability due to a pulmonary embolism, a blood clotting disorder, lung nodules, and anxiety.  Tr. at 243.  Plaintiff testified that he had frequent migraines that would last three or four days and has constant chest pain.  *Id.* at 32-34.  Plaintiff also testified that he has difficulty walking.  *Id.* at 35.  Plaintiff fractured his left fibula in January 2018 and cut his left finger on glass, and received treatment for tendon and nerve lacerations, in March 2018.  *Id.* at 421-22, 442-43.  Plaintiff argues that his mental health limitations, chronic chest pain, difficulty with walking, migraines, and anxiety are more than "de minimis" claims and should therefore have been found to be severe impairments.  Dkt. No. 12 at 9.

      The ALJ found that the "evidence does not support the claimant's allegations regarding the extent of the functional limitations caused by his symptoms." Tr. at 14.  Specifically, the ALJ noted that medical reports concluded that Plaintiff had a normal gait and a full range of motion in his ankle, as well as full strength in both lower extremities.  *Id.* at 14.  Additionally, the ALJ noted record evidence that Plaintiff has intact hand and finger dexterity, as well as full grip strength bilaterally, despite the finger injury.  *Id.*  Plaintiff fails to point to any medical evidence that contradicts the ALJ's findings.

5

The ALJ also found that there is "no evidence in the record of any significant ongoing problems" due to Plaintiff's pulmonary embolism and antiphospholipid disorder. Plaintiff argues the ALJ's determination is contradicted by a July 2013 medical report and a March 2019 hospitalization. Dkt. No. 12 at 8-9. The July 2013 medical report, however, predates Plaintiff's alleged onset date by more than three years. *See* Tr. at 281-285. Moreover, the March 2019 hospitalization report only discusses pulmonary embolism and antiphospholipid disorder as part of his past medical history. *Id.* at 469. Plaintiff also relies on his testimony that he has severe migraines because of his impairments. *Id.* at 32-34. The ALJ, however, correctly notes that there is no objective support in the record of his migraines. *Id.* at 14.

The ALJ also correctly determined that Plaintiff's medically determinable mental impairment was not severe. The ALJ is required to rate the degree of functional limitation resulting from a mental impairment by considering all relevant and available clinical signs and laboratory findings, the effects of the claimant's symptoms, and how the claimant's functioning might be affected by factors including chronic mental disorders, structured settings, medications, and other treatment. 20 C.F.R. § 404.1520a(b)(2). In rating the claimant's mental impairment, the ALJ must consider multiple issues and all relevant evidence, assessing and rating the claimant's functioning in the four broad areas of activities of daily living: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a(c)(2)-(3). If the ALJ rates the degree of the limitation as "none" or "mild," the ALJ will "generally conclude that your impairment(s) is not severe." 20 C.F.R. § 404.1520a(d)(1)-(3).

The ALJ found persuasive the opinions of Dr. Hennessey and Dr. Dambrocia that concluded Plaintiff only had "mild" limitations with regard to the above criteria. Tr. at 16. The

ALJ found these opinions persuasive because "they are supported by a detailed narrative rationale, which cites supporting mental status examination findings and other evidence from the record." *Id.*  The ALJ also found "these opinions consistent with the record as a whole." *Id.* Conversely, the ALJ found the opinion of Dr. Noia unpersuasive because "the existence of significant work-related mental limitations is inconsistent with the claimant's treatment history, which includes no inpatient or outpatient mental health treatment." *Id.*  Dr. Noia also observed that Plaintiff's attention and concentration were intact, memory was mildly impaired, intellectual functioning was average, and insight and judgment were good. *Id.* at 400.

Plaintiff only challenges the ALJ's finding by pointing to his own subjective report of symptoms.  *See* Dkt. No. 12 at 9.  Plaintiff has not identified, and the Court has not found, any objective medical evidence in the record to contradict the ALJ's findings of mild limitations. Moreover, Plaintiff does not challenge the ALJ's findings of persuasiveness.  Accordingly, the ALJ correctly found at step two that Plaintiff did not have a severe impairment.

Plaintiff also claims that the ALJ erred by failing to state Plaintiff's residual functional capacity ("RFC").  An RFC is determined after step three of the sequential process.  20 C.F.R. § 404.1520(a)(iv).  Because Plaintiff did not have any "severe" impairments, the ALJ ended the analysis at step two.  20 C.F.R. § 404.1520(c).  Therefore, the ALJ correctly did not address Plaintiff's RFC.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2022
       Albany, New York

Mae A. D'Agostino
U.S. District Judge